Elizabeth Whelan, Plaintiff-Appellant, v. Clarence Whelan, Defendant-Appellee.

Gen. No. 10,584.

Opinion filed April 1, 1952. Released for publication April 18, 1952.

RAPHAEL E. YALDEN, of Rockford, for appellant.

GUYER & SMITH, of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On September 30, 1948, Elizabeth Whelan filed her verified complaint against Clarence Whelan for separate maintenance in the circuit court of Winnebago county. This complaint was subsequently amended. Clarence Whelan, the husband, filed his answer and counterclaim for a divorce on the grounds of the intoxication of Elizabeth Whelan. On April 18, 1951, Clarence Whelan filed an amended counterclaim praying for an annulment of his marriage with Elizabeth Whelan on the grounds that they were first cousins; that the marriage was void, inasmuch as they were both residents of the State of Illinois at the time of their marriage, and had gone into the State of Ken-

tucky for the sole purpose of getting married and of evading the laws of the State of Illinois, which prohibits marriage of cousins of the first degree.

Elizabeth Whelan filed an answer to this amended counterclaim and admitted that she and her husband were residents of Illinois at the time of their marriage, and that they were first cousins, but denied that they went to Kentucky for the purpose of evading the laws of Illinois. She also alleged they obtained a dispensation from the Catholic Church to contract the marriage, which would otherwise have been invalid under the rules of that church. The case was called for a hearing on July 26, 1951, at which time Elizabeth Whelan filed an amendment to her answer in which for the first time she denied that she and Clarence Whelan were both residents of the State of Illinois at the time of their marriage, but claims that she at the time was a resident of the State of Wisconsin. Upon a hearing the court granted the relief prayed for in the counterclaim and annulled the marriage. To reverse this decree, Elizabeth Whelan prosecuted this appeal.

The evidence discloses that the parties were married on May 20, 1935, in the State of Kentucky; that appellee is a tavern keeper and lived in Winnebago county all of his life, until 1949, when he went to New Mexico; that he had had his place of business in Winnebago county up until that time; that Elizabeth Whelan lived in Winnebago county with her parents for a number of years, until May 20, 1935; that in the early part of January 1935, she went to work in Madison, Wisconsin, and lived in a furnished apartment with her sister; that she continued to work in Madison, until about two weeks before her marriage, when she returned to her parents' home where she remained until she and Clarence Whelan went to Louisville, Kentucky, for the purpose of getting married; that after they were married, they came back to Rockford and lived there until 1942,

when they separated; that Elizabeth Whelan has lived in Winnebago county ever since.

From the record in this case it seems clear that these parties in order to avoid the marriage law of the State of Illinois, went to the State of Kentucky for the express purpose of being married, and if they were both residents of the State of Illinois at this time, the marriage would be absolutely void. Elizabeth Whelan has changed her statement in regard to her residence at the time they were married. In her answer to her husband's counterclaim for an annulment of the marriage she admits that she was a resident of the State of Illinois at that time, but denies that they went to the State of Kentucky for the purpose of getting married so as to avoid the laws of the State of Illinois. Then in her amendment she alleges that she was a resident of the State of Wisconsin at that time. Part of her evidence is given in questions and answers in the additional abstract, and to say the least her evidence in regard to her place of residence is very unsatisfactory. Clarence Whelan introduced in evidence a certified copy of the marriage affidavit, which was subscribed and sworn to by Elizabeth Whelan as Elizabeth Kennedy. While evidently she did not fill out the marriage affidavit, her residence was given as Winnebago county, Illinois. There is also introduced in evidence a marriage bond of the Commonwealth of Kentucky in which she, in her own handwriting, signs this bond as Elizabeth Kennedy, address Rural Route No. 2, Winnebago county, Illinois.

There is some question raised in the brief who had the burden of proving the illegality of this marriage. It is stated in *Reifschneider v. Reifschneider*, 241 Ill. 92: "When the celebration of a marriage is once shown, the contract of marriage, the capacity of the parties, and, in fact, everything necessary to the validity of the marriage, in the absence of proof to the con-

trary, will be presumed. . . . When a marriage is shown the law raises a strong presumption in favor of its validity, and the burden is cast upon the party objecting to the validity to prove such facts and circumstances as necessarily establish its invalidity."

In the present case, it seems clear to us that the appellee has established that at the time this marriage was celebrated, that both parties were residents of the State of Illinois, and they went to the State of Kentucky for the sole purpose of evading the law of this State. Such marriages are declared to be incestuous and void.

It is our conclusion that the trial court properly found that Elizabeth Whelan at the time of this marriage, was a resident of the State of Illinois and annulled the marriage. The judgment of the trial court will be affirmed.

*Judgment affirmed.*